FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARTEL CHAVEZ-MENDOZA,<br><br>                    Defendant. | No. 1:18-CR-02060-SAB-1<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court are Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 70, and Motion to Expand the Record, ECF No. 71. Defendant is proceeding *pro se*, and the United States is represented by Benjamin Seal. The motion was considered without oral argument.

In his motion, Defendant argues that his sentence should be set aside because he allegedly received ineffective assistance from his trial counsel, Ryan M. Swinburnson. He also moves to have an Out-of-Time Appeal granted by the Court as well as having the Court consider his Declaration. Having reviewed the motion, the briefing, the available record, and the applicable law, the Court dismisses Defendant's § 2255 Motion.

**Facts**

On September 6, 2018, Defendant was charged with one count of Distribution of Over 50 grams of Actual Methamphetamine. ECF No. 3. One

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1**

month later, Defendant was indicted with multiple counts including: (1) Conspiracy to Distribute 500 grams or More of a Mixture of Substance Containing Methamphetamine, (2) Distribution of 500 grams or More of a Mixture or Substance Containing Methamphetamine, (3) Possession with Intent to Distribute 500 grams or More of a Mixture or Substance Containing Methamphetamine, (4) Alien in Possession of a Firearm and Ammunition, and (5) Alien in United States After Deportation. ECF No. 22.

### Plea Agreement

A copy of the Plea Agreement can be found in the Court Record. *See* ECF No. 51. Defendant pled guilty to Count 2, Distribution of 500 grams or More of a Mixture or Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). *Id.*, at 1. In doing so, Defendant entered into a Plea Agreement with the United States. He signed the Plea Agreement on August 21, 2019. The Plea Agreement contemplated Counts 1, 3, 4, and 5 being dismissed. *See id.*

The Plea Agreement negotiated between the parties included (1) a waiver of right to appeal conviction and the sentence the Court imposed and (2) a waiver of right to file any post-conviction motion attacking conviction and sentence including motions pursuant to § 2255 except for a claim of ineffective assistance of counsel found post-sentencing. ECF No. 51, at 8. In addition, if Defendant filed a habeas petition, Defendant agreed that upon motion of the Government the case would be remanded to the District Court to determine whether Defendant is in breach of the agreement. In such a case, the Government is permitted to withdraw from the Plea Agreement. ECF No. 51 at 10.

The Plea Agreement contained no promise regarding the sentence that the Court would impose, and Court could in its discretion impose any sentence it deemed appropriate up to the statutory maximums. ECF No. 51 at 2. Further, Defendant acknowledge that if the Court decided not to accept any of the parties'

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2**

recommendations, that decision would not be a permissible basis to withdraw from the Plea Agreement or to withdraw a plea of guilty. *Id.* at 3. The statutory maximum for the Class A felony charge was set forth in the Plea Agreement, namely that the sentence carried a minimum of 10 years and a maximum of life imprisonment. *Id.* at 2.

### Change of Plea Hearing

A transcript of the Change of Plea hearing is found in the Court Record. *See* ECF No. 68. At the Change of Plea hearing on August 21, 2019, Defendant was asked to confirm if he discussed the maximum sentence possible with counsel before he pled guilty, and whether he understood the Court has the discretion to sentence up to the maximum if found it appropriate. Defendant answered affirmatively. ECF No. 68 at 8, 13-19. Defendant was also asked by the Court: "Do you understand that [the] court is not a party to the written plea agreement, and, so, if the sentence calculations are different than what you expect, [] that doesn't give you a right to withdraw your guilty plea?" Defendant: "Yes." *Id.* at 9, 4-10. The Court: "You understand, then, that your decision to plead guilty is final and cannot be withdrawn simply because you change your mind, or you're disappointed or frustrated with your sentence?" Defendant: "Yes, I understand." *Id.* at 9, 14-18.

The Court asked Defendant to confirm he understood the appellate rights he was waiving. Defendant said yes. The Court also asked Mr. Swinburnson to confirm that based on his conversations with Defendant, counsel was satisfied Defendant was making a voluntary, knowing, and intelligent decision to plead guilty and waive his rights of appeal. Counsel said he was satisfied. *Id.*, at 13.

### Sentencing

On February 27, 2020, Defendant was sentenced to 168 months imprisonment and a 5-year term of supervised release. ECF No. 65. Probation calculated the guideline range to be 210-262 months imprisonment. ECF No. 69 at 3. The United States recommended 168 months per the Plea Agreement, ECF No.

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3**

51 at 8, and Defendant made oral recommendation at the sentencing hearing for the statutory minimum of 120 months, ECF No. 69 at 9. During sentencing, the United States explained the variance request of 42 months was agreed to for entering into the plea deal and because Defendant had no previous criminal history. *Id.* at 7-8.

In his § 2255 Motion, Defendant first alleges he was misadvised by counsel that in accepting the Plea Agreement his sentence would be limited to no more than 10 years of imprisonment. ECF No. 70 at 14. Defendant asserts Mr. Swinburnson told him that as a first-time criminal offender, Defendant "was looking at 10 years max." ECF No. 71 at 3. Second, Defendant alleges that after his sentencing hearing, Mr. Swinburnson did not discuss the potential benefits of appealing his sentence or meet with Defendant "to ascertain [his] wishes concerning an appeal." *Id.*

## Legal Standard

### 1. <u>28 U.S.C. § 2255</u>

A federal prisoner may challenge the legality of his sentence by filing a motion to vacate sentence under 28 U.S.C. § 2255 in the district where the sentence was imposed. *See* 28 U.S.C. § 2255. Habeas corpus actions are civil proceedings governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12; Fed. R. Civ. P. 81(a)(4).

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court that imposed his sentence to vacate, set aside, or correct the sentence on the ground that:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence; or

(3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4**

Claims that are not raised on direct appeal also may not be raised as collateral attack unless the petitioner shows cause and prejudice. § 2255(b). Generally, a federal petitioner seeking relief pursuant to § 2255 must demonstrate cause and prejudice resulting from failure to present their claims at trial or on direct appeal. *Massaro v. United States,* 538 U.S. 500, 504 (2003). However, like Defendant's claim here, there is no procedural bar to claims of ineffective counsel because such claims cannot be raised on direct appeal. *English v. United States,* 42 F.3d 473, 477 (9th Cir. 1994). The district court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* § 2255(b). Whether the petitioner should appear for an evidentiary hearing is a matter for the Court's discretion. § 2255; *Machibroda v. United States*, 368 U.S. 487, 495-496 (1962). In vacating the judgement, the court has discretion to discharge, resentence the petitioner, grant a new trial, or correct the sentence as is appropriate. § 2255(b).

## Initial Review of a § 2255 Motion by the Court

An initial review of a motion filed under § 2255 should be conducted by the judge who imposed the petitioner's sentence and if on face of motion the petitioner is not entitled to relief, the judge must summarily dismiss motion. Rules Governing § 2255 Cases, Rule 4(b). In conducting the review, the court can construe pro se documents in a less stringent manner than formal documents drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court has discretion to hold an evidentiary hearing, conduct discovery, or consider the claim without using the established record. *Machibroda,* 368 U.S. at 495; *Watts v. United States,* 841 F.2d 275, 277 (9th Cir. 1988). The court may use discovery or documentary evidence to expand the record as an alternative to conducting an evidentiary hearing. Rules Governing § 2255 Cases, Rule 7(a); *Watts*, 841 F.2d at 277.

If the Court can adequately supplement the record through their own recollection and notes from the plea hearing and sentencing process, an evidentiary

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 5**

hearing is not required. *Watts,* 841 F.2d at 277-278 (stating that no evidentiary hearing was required because the § 2255 motion was presented to a judge that was familiar with the case). Section 2255 only requires that the court give the petitioner's claim "careful consideration and plenary processing, including full opportunity for presentation of the relative facts." *Blackledge v. Allison,* 431 U.S. 63, 82-83 (1977). Findings made by a judge accepting a plea "constitute[s] a formidable barrier in any subsequent collateral proceedings. *Id.* at 74.

### Failure to State a Claim

A district court may dismiss a § 2255 motion without holding an evidentiary hearing if "the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). Any subsequent conclusory allegations or contentions made by the defendant that lack specifics make the allegations incredible overall and the motion may be summarily dismissed. *Blackledge,* 431 U.S. at 74; *Machibroda,* 368 U.S. at 495-496. Where the petitioner claiming ineffective assistance of counsel states a claim for relief "so palpably incredible or patently frivolous," summary dismissal is warranted. *Shah v. United States.,* 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985)).

### Ineffective Assistance of Counsel

A claim of ineffective counsel has two elements: (1) that counsel's performance was deficient, and (2) that counsel's error was prejudicial in considering all the circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The proper standard for assessing attorney performance is an "objective standard of reasonableness" under professional norms. *Id.* at 687-688. To survive review, the petitioner must (1) allege sufficient facts to demonstrate that counsel's error was serious enough to have deprived the petitioner of a fair trial and (2) that but for counsel's ineptitude, the result of the criminal proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). A defendant must show that

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 6

the advice received by counsel did not fall within the "range of competence demanded of attorneys in criminal cases," assessed by the objective standard of reasonableness. *Tollet v. Henderson,* 411 U.S. 258, 266 (1973) (citing standard set forth by *McMann v. Richardson,* 397 U.S. 759, 771 (1970)).

The *Strickland* test applies to Defendant's challenge of his guilty plea that is based on ineffective assistance of counsel. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985). In this context, the deficiency prong of the *Strickland* test mirrors the competency requirement for attorneys set by *McMann*. *United States v Davis,* 428 F.3d 802, 806 (9th Cir. 2005). Notably*,* the prejudice prong specifically requires Defendant show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded." *Id.,* at 57-58. Thus, to survive review, Defendant must allege facts showing that the outcome of the plea he agreed to would have been different. *Missouri v. Frye,* 566 U.S. 134, 148 (2012). In reviewing his claim, the Court must look at whether without ineffective assistance by counsel, the defendant would have accepted the offer to plead guilty pursuant to the specific terms proposed, not whether the defendant would have proceeded to trial. *Id.*

While there is no constitutional requirement that a defendant must be informed of their right to appeal succeeding a guilty plea, counsel has an obligation to give advice when the defendant asks about his rights or when a circumstance occurs in which the defendant may benefit from the advice about appellate rights. *Marrow*, 772 F.2d at 528. A defendant who has voluntarily pleaded guilty after being advised of his rights in the plea colloquy will normally have foreclosed his right to appeal. *Id.* at 529.  In that case, counsel is not required to advise the defendant further on his rights to appeal. *Id.* If there was no duty to advise, then failure to advise on the right to appeal cannot be deemed ineffective assistance of counsel. *Id.* at 527.

//

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 7

### 2.  Out-of-Time Filing/Equitable Tolling

A federal prisoner has a period of one year from the date conviction becomes final to file a § 2255 motion. *See* § 2255(f); *United States v. Garcia*, 210 F.3d 1058, 1059-60 (9th Cir. 2000). The statute of limitations period for § 2255 is subject to the doctrine of equitable tolling, which may be applied only for extraordinary circumstances that are beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799-800 (9th Cir. 2003). The petitioner bears the burden to show (1) that adequate diligence was made in pursuit of relief and (2) that extraordinary circumstances prevented timely filing. *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). The diligence made in pursuit of relief for equitable tolling must be "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida,* 560 U.S. 631, 653 (2010). For equitable tolling to apply, the defendant must show that a causal relationship exists between diligence and extraordinary circumstances. *Sossa v. Diaz,* 729 F.3d 1225, 1229 (9th Cir. 2013). Effectively, if the defendant "has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken. *Spitsyn,* 345 F.3d at 802; *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017).

District courts in the Ninth Circuit have recognized that COVID-19 may support equitable tolling. *See e.g., Brown v. Davis,* No. 1:19-cv-01796-DAD, 2021 U.S. Dist. LEXIS 88077, at *9 (E.D. Cal. May 7, 2021) (stating as of May 2021, the extraordinary circumstances arising from ongoing COVID-19 pandemic make filing a complete federal habeas petition extremely unlikely until February 2022). The factors petitioners have faced where COVID-19 was found as an extraordinary circumstance have included where discovery investigation and assistance from appointed habeas counsel were affected, closures of buildings, and travel restrictions. *Id.* Equitable tolling does not act as a stop-clock tolling; if the petitioner is prevented from timely filing a habeas petition, then they must be

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 8**

reasonably diligent in filing once the extraordinary circumstances dispel. *Smith v. Davis,* 953 F.3d 582, 596 (9th Cir. 2020).

### Discussion

Defendant asserts that his attorney, Ryan Swinburnson, misadvised him that by accepting the United States' formal plea offer, Defendant would limit his sentence exposure to no more than 10 years imprisonment. He alleges that as a result, his plea was made unknowingly, unintelligently, and involuntarily based on ineffective assistance by counsel. Defendant argues that but for counsel's ineffective assistance, he would have pled not guilty and instead exercised his right to trial by jury. Defendant alleges that further ineffective assistance was made when he was not advised of his rights to appeal after the conclusion of his sentencing hearing.

The Court first considers whether Defendant's motion is timely. The one-year period to file a § 2255 motion starts when the judgement becomes final. For this case, the statute of limitations would have run on February 27, 2021, making Defendant's filing (June 16, 2021) three months late. Defendant requests equitable tolling be applied here due to COVID-19, to grant an out-of-time appeal. Here, the Court finds Defendant has established the causal link between the extraordinary circumstance of the COVID-19 and his inability to timely file his § 2255 motion. The Court presumes the pandemic frustrated efforts to access the law library and prevented the timely filing of the petition. *See e.g., Carter v. United States,* No. C20-1654 MJP, 2021 WL 1978697, at *4 (W.D. Wash. May 18, 2021) (finding that while the defendant had not provided "great detail" about how the pandemic impacted his filing efforts, the court accepted his declaration that the pandemic being a unique circumstance, frustrated efforts to access the law library and prevented a timely filing by one month delay).

The Court finds that an evidentiary hearing is not required. Here, the relative facts regarding Petitioner's voluntary and intelligent understanding of the Plea

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 9

Agreement are all reflected in the transcript of the plea hearing and plea agreement itself. Defendant's ineffective assistance claim has two elements: (1) counsel misadvised him of his sentencing exposure and (2) counsel did not advise him post-judgment on the right to appeal his conviction and sentence.

The Court can review these claims based on its own recollection of the proceedings and by reviewing the transcript because it is in an "advantageous position" to determine voluntariness of the guilty plea accepted by Defendant as well as to determine the existence of any prejudicial deficiencies of counsel's conduct. *See Massaro*, 538 U.S. at 506; *McCarthy v. United States,* 394 U.S. 459, 466 (1969). Solemn declarations in open court carry "a strong presumption of verity." *Blackledge,* 431 U.S. at 74. The plea transcript shows that this Court's inquiry of Defendant complied with Rule 11 requirements, further ensuring a complete record of factors the Court can use in its determination without holding an evidentiary hearing. *See* ECF No. 68; *McCarthy,* 394 U.S. at 465 (stating Rule 11 stipulates that the Court should personally interrogate the defendant at a plea hearing, which ensures a better determination of voluntariness).

Finally, the Court grants expansion of the record to include Defendant's Declaration, ECF No. 71, for consideration of his ineffective assistance of counsel claim. Expansion of the record is permitted at any time during post-conviction proceedings to "clarify the relevant facts." *Vasquez v. Hillery,* 474 U.S. 254, 258 (1986); (Rules Governing §2255 Proceedings, Rule 7).

### Claim 1: Ineffective Counsel for Guilty Plea

Defendant's first claim of ineffective assistance of counsel alleges his counsel mischaracterized his sentencing exposure during negotiations of the Plea Agreement. Under the two-part *Strickland* test, the deficient performance element requires showing counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. As evidence of incompetent performance, Defendant submitted a declaration describing how counsel

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 10

mischaracterized Defendant's sentence exposure as the statutory minimum of 120 months. ECF No. 71, 2.

The Court will assume Defendant's allegation that his counsel mischaracterized the sentencing exposure during plea negotiations. Even if the Court assumes Mr. Swinburnson acted incompetently, however, Defendant has failed to show he was prejudiced by his counsel's actions. Notably, the record demonstrates the Court sufficiently informed Defendant of the maximum possible sentence as well as informed Defendant that the Court was not bound to accept Plea Agreement recommendations. ECF No. 51, 2-3; s*ee e.g.*, *United States v. Boniface,* 601 F.2d 390, 393 (9th Cir. 1979) (finding the defendant was not prejudiced by counsel's statement that he would only get a five-year sentence because the Court clearly told defendant it was not bound to accept the plea agreement). Further, Defendant acknowledged and agreed that he would not be able to withdraw his plea of guilty if the Court imposed a sentence independent from either party's recommendation. ECF No. 51 at 3. This shows Defendant not only knew the Court did not have to follow the parties' recommendations, but that Defendant agreed to be bound to the unestablished result, thereby negating Defendant's claim that his counsel's statements regarding the sentence the Court would impose caused him prejudice.

Consequently, Defendant has not shown there is a reasonable probability that but for counsel's mischaracterization, he would not have pleaded guilty and signed the negotiated Plea Agreement. *See Hill,* 474 U.S. at 52-53. If Defendant had pled not guilty, he would have been vulnerable to conviction of four additional charges and a minimum calculated sentencing guideline range of 210-262 months rather than the 168 months he in fact received. *See* ECF No. 53, 22. Notably, a guilty plea is not invalidated by the defendant having been motivated at the time of plea to accept the probability of a lesser sentence. *Brady v. U.S.,* 397 U.S. 742, 751 (1970). Here, Defendant's claims of ineffective counsel rest on his asserted

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~** 11

attempts to limit his sentence to 10 years and avoid higher sentence exposure. *See* ECF No. 70. Defendant's claim of ineffective representation relating to his guilty plea must fail for lack of prejudice.

Defendant's further allegation that his plea was involuntary because of counsel's advice regarding his sentencing exposure is belied by the Record. Both the plea agreement and transcript of the plea hearing demonstrate Defendant's plea was knowing, voluntary and intelligent. At the plea hearing, Defendant stated under oath that he understood he was pleading guilty to a crime that had a minimum sentence of 10 years and a maximum of life imprisonment. ECF No. 68 at 8, 6-19. For a voluntary guilty plea to be valid, there must be a record to show that the accused intelligently and understandingly agreed to the plea agreement. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (stating that the standard used to determine validity of waiver of the right to counsel must be applied to determining whether a guilty plea is voluntarily made). Defendant knew of the nature of the charge, there was no indication of Defendant being incompetent, and Defendant explained his guilt to the Court as "the sale of the kilo [of methamphetamine]." ECF No. 68 at 11, 22-25. Thus, Defendant's plea was knowing, voluntary and intelligent beyond question. Defendant's claim that ineffective counsel made his plea of guilty involuntary is legally invalid.

### Claim 2: Ineffective Counsel Post-Conviction

Defendant also asserts counsel's assistance was deficient for not consulting him after sentencing about his wishes to appeal. Defendant asserts that after receiving a longer sentence than he expected, "[i]f I had known that I had the option of appealing, I would have instructed [counsel] to file an appeal on my behalf." ECF No. 71, 2-3. Defendant did not in fact have the option to appeal his sentence as evidenced by the terms in the Plea Agreement. *See* ECF No. 51, 9. Thus, Defendant's counsel did not have a duty to discuss Defendant's wishes to appeal his sentence and his failure to do so cannot be the basis of an ineffective

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 12

assistance of counsel claim. *See Marrow,* 772 F.2d at 527.

Further, the Court personally interrogated Defendant at the plea hearing, inquiring specifically as to Defendant's understanding that he was waiving his right to appeal pursuant to the Plea Agreement he signed. ECF No. 68 at 13. The Court's inquiry combined with the Plea Agreement's included waiver clearly shows Defendant was under no false assurance that he would be able to appeal his conviction and sentence once the Court made its ruling, even if he was unsatisfied with the ending sentence. *See Watts,* 841 F.2d at 277; *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (holding the representations made by the defendant during the plea hearing that he understood his rights, along with confirming that he understood "the sentence will be decided solely by the judge" constituted an imposing barrier to collateral attack). Counsel did not have a duty to advise Defendant on his right to appeal after the sentencing hearing because Defendant had waived those rights already under the Plea Agreement. Thus, with no duty for counsel to advise, Defendant's claim of ineffective assistance of counsel after sentencing fails on both the deficiency and the prejudice elements.

Here, Defendant has failed to allege sufficient facts to state a claim of ineffective assistance of counsel. First, it is inconsequential whether the erroneous advice regarding sentencing exposure when Defendant pled guilty constitutes deficient performance of counsel. Even if counsel was ineffective, Defendant has failed to show prejudice. Second, counsel did not have a duty to advise Defendant on his appellate rights after sentencing because Defendant had waived his rights to post-conviction appeal. Thus, the Court need not hold an evidentiary hearing, and Defendant's motion is summarily dismissed.

//

//

//

//

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~** 13

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 70, is **DISMISSED**.

2.      Defendant's Motion to Expand the Record, ECF No. 71, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to Defendant.

**DATED** this 20th day of July 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** ~ 14