FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 31, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTEL CHAVEZ-MENDOZA,<br><br>    Defendant. | No. 1:18-CR-02060-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

    Before the Court are Defendant's *pro se* Consolidated Motion: Motion for Sentence Reduction Under 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3) (Pursuant to Amendment 821-Downward Adjustment; Amendment 814) and Motion for Appointment of Counsel, ECF No. 89, and Motion for an Order Directing the Government to Procure Defendant's Post-Rehabilitation Documents, ECF No. 90. Defendant is an inmate at FCI Yazoo City, Mississippi. The motions were considered without oral argument.

    On August 21, 2019, Defendant pled guilty to one count of distribution of 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). On February 27, 2020, he was sentenced to 168 months imprisonment.

    On December 14, 2024, Defendant filed a *pro se* motion asking the Court to reduce his sentence, based on Amendment 821 and USSG 1.1B.10 (downward adjustment for certain eligible zero-point criminal history score offenders.). The

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 1**

Court denied his motion because although he had zero criminal history points, Defendant possessed a firearm in connection with the offense. ECF No. 88.

Defendant now moves for a reduction of his sentence to time-served under the compassionate release statute.[1] According to the BOP Inmate Locator, Defendant has an anticipated release date of August 10, 2029.

### Motion Standard

Generally, a federal court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. 3582; *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Congress provided an exception to this rule, sometimes known as compassionate release, that permits courts to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A).

A defendant may only file a motion for compassionate release with the district court once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has set out a three-part test for district courts to use when considering a motion for compassionate release:

> First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with applicable

---

[1] Although Defendant cites to U.S.S.G. § 1.1.10B in the caption of his motion, it does not appear that he is reasserting this claim. Even if he was, it would be moot as the Court has already found that the Defendant did not qualify for a reduction pursuant to Amendment 821.

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 2**

> policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case.

*United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).

18 U.S.C. § 3553(a) provides that courts must impose a sentence sufficient but not greater than necessary to comply with the need for the sentence to reflect the seriousness of the offense, afford deterrence to criminal conduct, protect the public from further crimes, and to provide the defendant with the needed educational or vocational training, medical care, or other treatment.

Additionally, courts should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the sentencing range established for the applicable category of offense committed by the category of the defendant.

## Analysis

Initially, it does not appear this motion is ripe for review. There is nothing in the record that indicates Defendant presented this claim to the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

Moreover, Defendant has not identified any extraordinary and compelling reasons to justify a sentence reduction. Although he asks the Court to order the United States to provide his records, at the minimum, Defendant needs to at least identify the mental and physical conditions that would support his release, which he failed to do.[2] Defendant has not served a significant portion of his sentence and he is not reaching advanced age. Even if Defendant were to obtain records of his rehabilitative efforts while in prison, that alone would not constitute extraordinary and compelling reasons. Because Defendant has not shown that extraordinary and

---

[2]For this reason, the Court denies Defendant's Motion for an Order Directing the Government to Procure Defendant's Post-Rehabilitation Documents.

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 3**

compelling reasons exist, it is not necessary to evaluate the remaining prongs set forth above.

That said, even if extraordinary and compelling reasons existed, the requested sentence reduction would not be consistent with the policy statement set forth in USSG 1.B1.13. Similarly, a sentence reduction would not be warranted under 18 U.S.C. § 3553(a). The record does not reflect Defendant's assertions that he was a minimal participant. Rather, it indicates he was a leader in a large drug-trafficking organization involving significant amounts of drugs. Several firearms were found during the search of his residences. The 168-month sentence Defendant received was sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence.

Finally, there is nothing in the record indicating it would be appropriate to appoint counsel to assist the Defendant in bringing this motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's *pro se* Motion for Reduction of Sentence Pursuant 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) and Motion for Appointment of Counsel, ECF No. 89, is **DENIED**.

2. Defendant's Motion for an Order Directing the Government to Procure/Produce Medical Records, ECF No. 90, is **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to Defendant.

**DATED** this 31st day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 5**